**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA**

PINGDAO WANG, an individual,
AMANDA L. GAMPOLO, an individual,
BRITTANY M. EDNEY, an individual,
Plaintiffs,

CASE NO. ____________________

v.

UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.,
a Florida Limited Partnership, d/b/a UNIVERSAL STUDIOS
ISLANDS OF ADVENTURE.
Defendant.
_______________________________________________________/

**COMPLAINT**

**COMES NOW**, the Plaintiffs, PINGDAO WANG (hereinafter referred to as "WANG"), AMANDA GAMPOLO (hereinafter referred to as "GAMPOLO"), and BRITTANY EDNEY (hereinafter referred to as "EDNEY") by and through the undersigned counsel, sue Defendant; UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD, a Florida Limited Partnership d/b/a UNIVERSAL STUDIOS ISLANDS OF ADVENTURE (hereinafter also referred to as "UNIVERSAL"), and in support of such claims hereby states as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. This Court has jurisdiction over this dispute as this complaint seeks damages in excess of $100,000.00, exclusive of interest, attorneys' fees, and costs.

2. Venue is proper in Orange County, Florida as the acts and transactions complained of herein occurred within Orange County, Florida, and the Defendant maintained/maintains offices, had/has business(es), and had/has agents in Orange County, Florida.

3. At all times material hereto, Plaintiff, GAMPOLO, was and is a resident of Florida and is otherwise sui juris.

4. At all times material hereto, Plaintiff, WANG, was and is a natural person and a resident of Fulton County, Georgia and is otherwise sui juris.

5. At all times material hereto, Plaintiff, EDNEY, was and is a natural person and a resident of Fulton County, Georgia and is otherwise sui juris.

6. Defendant's domicile and principal place of business is located within the State of Florida, and Defendant is subject to the jurisdiction of this Court pursuant to Florida Statutes.

**GENERAL ALLEGATIONS**

7. At all times material hereto, Defendant was the owner and in possession of that certain business located at or about 6000 Universal Boulevard, Orlando, Orange County, Florida, 32819, said business being that of a theme park known as Universal Islands of Adventure which is open to the general public, including the Plaintiffs herein.

8. At all times material hereto, Defendant owned, operated, controlled, managed, supervised, and/or maintained the amusement park commonly known as Universal Islands of Adventure, located at or about the aforementioned address.

9. At all times material hereto, Defendant invited members of the public onto its premises and onto its attractions, including Dudley Do-Right's Rip Saw Falls, in exchange for payment and for Defendant's commercial benefit.

10. At all times material hereto, the operators, technicians, ride attendants, maintenance personnel, and/or control room staff responsible for inspecting, monitoring, dispatching, operating, and managing the Dudley Do-Right's Rip Saw Falls attraction were employees, agents, ostensible agents, and/or borrowed servants of Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., who performed their duties at Defendant's direction, under Defendant's direct supervision and control, and in furtherance of Defendant's commercial enterprise.

11. On or about September 21, 2024, the Plaintiffs were a public business invitee and patrons of Defendant's theme park, Universal Islands of Adventure, where the Plaintiffs boarded the Dudley Do-Right's Rip Saw Falls attraction, where they ultimately suffered severe personal injuries and damages as described below.

12. There was a fourth occupant of the plaintiffs' log, who is not a party to this action, who was also permanently injured in the collision.

13. During the ride cycle, the Plaintiffs' ride vehicle (log) proceeded up a climb preceding a drop. Upon completing or negotiating the climb, Plaintiffs' log unexpectedly stopped and became entirely stationary on the ride track/flume. While Plaintiffs' log remained stationary, an unoccupied ride vehicle (log) behind Plaintiffs' vehicle continued traveling down/along the ride path at an unknown and unsafe operating speed.

14. Due to the failure of Defendant's ride control systems, block zones, anti-collision mechanisms, and/or employee monitoring, the unoccupied log forcefully struck Plaintiffs' stationary log from behind.

15. Moments after the initial impact, a second traveling log collided with the first unoccupied log, driving the first unoccupied log forward to forcefully ram into Plaintiffs' log a second time.

16. The force of the multiple impacts were severe, violent, and were likened to be akin to a rear-end motor vehicle collision.

17. Plaintiffs had no prior warning, knowledge, or indication that an impact was imminent and had zero opportunity to brace themselves before the collisions occurred.

18. At all times material hereto, Plaintiffs acted with due care and did not cause, contribute to, or have any ability to avoid or mitigate the subject collision.

19. At all times material hereto, Defendant as the operator in exclusive control of an automated, mechanized amusement ride conveyance, owed Plaintiff a non-delegable duty to exercise reasonable care commensurate with the risk involved in operating automated machinery capable of causing serious bodily injury. This duty required Defendant to safely manage, monitor, and control the dispatch, block-zone spacing, anti-collision sensor networks, and emergency braking systems of the Dudley Do-Right's Rip Saw Falls attraction so as to guard against ride vehicles from forcefully colliding with one another.

20. Defendant was in exclusive control and management of the Dudley Do-Right's Rip Saw Falls attraction, its operational machinery, anti-collision dispatch systems, block zone sensors, and/or operating personnel.

21. At all times material hereto, the attraction known as Dudley Do-Right's Rip Saw Falls—including all ride vehicles, track mechanisms, hydraulic systems, electronic sensors, block zone control systems, and automated dispatch controls—were under the exclusive control, management, and supervision of Defendant.

22. The subject incident—specifically, Plaintiffs' log coming to a complete stop on the track after a climb, followed by multiple, violent rear-end collisions from automated, oncoming, and unoccupied ride logs—is an event that does not ordinarily occur in the absence of negligence.

23. Ride logs operating within an automated amusement attraction do not routinely stall, fail to clear block zones, or suffer repeated high-impact rear-end collisions with following ride vehicles unless the entity responsible for the attraction's design-in-use, maintenance, operation, and control fails to exercise reasonable care.

24. Plaintiffs were seated as passive passengers aboard Defendant's attraction, had no control over the operation, speed, spacing, or mechanical functions of the ride, were completely

unaware of the impending collisions, had zero opportunity to brace for impact, and did not contribute to or cause the incident in any manner.

25. Direct evidence of the precise mechanical, structural, electrical, or operational failure that caused the ride vehicles to collide is within the exclusive knowledge, possession, and control of Defendant.

26. As a direct and proximate result of the unexpected and violent collisions caused by Defendant's negligence, all Plaintiffs sustained severe and permanent bodily injuries. These losses are permanent and continuing, and Plaintiffs will suffer these losses in the future.

27. There was no comparative fault of any of the Plaintiffs in causing their injuries, as they were passive passengers in a non-pilotable log with zero ability to avoid impact or brace for the impact, therefore, the fault attributable to the Plaintiffs is 0%.

**COUNT I: NEGLIGENCE OF DEFENDANT (WANG)**

28. Plaintiff reaffirms and re-alleges paragraphs 1 - 27 as if fully set forth herein.

29. At all times material hereto, Defendant, UNIVERSAL, owed WANG, as a business invitee, a non-delegable duty to exercise reasonable care for his safety, to maintain the premises and attraction in a reasonably safe condition, to inspect the attraction for dangerous conditions, and to warn of or correct dangerous conditions about which Defendant knew or should have known through the exercise of reasonable care.

30. Defendant breached its duty of care owed to WANG, by committing one or more of the following negligent acts or omissions:

a. Negligently operating, controlling, and maintaining the Dudley Do-Right's Rip Saw Falls attraction so as to allow ride vehicles to collide with one another at an unsafe speed;

b. Negligently failing to maintain proper spacing, block zones, and anti-collision systems between ride vehicles on the attraction;

c. Negligently failing to inspect or adequately inspect the ride's automatic stop, sensor, and braking mechanisms to ensure vehicles would not strike a stationary log at unsafe speeds;

d. Negligently dispatching or allowing unoccupied logs to enter ride zones while Plaintiffs' log was stationary on the track;

e. Negligently failing to train and supervise its operators, technicians, and attendants regarding emergency stops, log track stalls, and collision mitigation/prevention procedures;

f. Negligently failing to warn WANG, that the attraction was subject to mechanical stalls and rear-end vehicle collisions;

g. Negligently failing to correct the dangerous condition of failing sensors and improper vehicle spacing when Defendant knew or should have known of same; and

h. Negligently failing to adopt, implement, and enforce proper safety protocols regarding ride vehicle collisions.

31. As a direct and/or proximate result of Defendant's negligence, WANG suffered serious and permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and an activation or aggravation of a previously existing condition. The losses are permanent or continuing in nature, and WANG will suffer these losses in the future.

**WHEREFORE**, Plaintiff, PINGDAO WANG, respectfully demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., d/b/a UNIVERSAL STUDIOS ISLANDS OF ADVENTURE, for damages, costs, and further demands trial by jury on said issues.

**COUNT II: NEGLIGENCE OF DEFENDANT (GAMPOLO)**

32. Plaintiff reaffirms and re-alleges paragraphs 1 - 27 as if fully set forth herein.

33. At all times material hereto, Defendant, UNIVERSAL, owed GAMPOLO, as a business invitee, a non-delegable duty to exercise reasonable care for her safety, to maintain the premises and attraction in a reasonably safe condition, to inspect the attraction for dangerous conditions, and to warn of or correct dangerous conditions about which Defendant knew or should have known through the exercise of reasonable care.

34. Defendant breached its duty of care owed to GAMPOLO, by committing one or more of the following negligent acts or omissions:

a. Negligently operating, controlling, and maintaining the Dudley Do-Right's Rip Saw Falls attraction so as to allow ride vehicles to collide with one another at an unsafe speed;

b. Negligently failing to maintain proper spacing, block zones, and anti-collision systems between ride vehicles on the attraction;

c. Negligently failing to inspect or adequately inspect the ride's automatic stop, sensor, and braking mechanisms to ensure vehicles would not strike a stationary log at unsafe speeds;

d. Negligently dispatching or allowing unoccupied logs to enter ride zones while Plaintiffs' log was stationary on the track;

e. Negligently failing to train and supervise its operators, technicians, and attendants regarding emergency stops, log track stalls, and collision mitigation/prevention procedures;

f. Negligently failing to warn GAMPOLO, that the attraction was subject to mechanical stalls and rear-end vehicle collisions;

g. Negligently failing to correct the dangerous condition of failing sensors and improper vehicle spacing when Defendant knew or should have known of same; and

h. Negligently failing to adopt, implement, and enforce proper safety protocols regarding ride vehicle collisions.

35. As a direct and/or proximate result of Defendant's negligence, GAMPOLO suffered serious and permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and an activation or aggravation of a previously existing condition. The losses are permanent or continuing in nature, and GAMPOLO will suffer these losses in the future.

**WHEREFORE**, Plaintiff, AMANDA GAMPOLO, respectfully demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., d/b/a UNIVERSAL STUDIOS ISLANDS OF ADVENTURE, for damages, costs, and further demands trial by jury on said issues.

## COUNT III: NEGLIGENCE OF DEFENDANT (EDNEY)

36. Plaintiff reaffirms and re-alleges paragraphs 1 - 27 as if fully set forth herein.

37. At all times material hereto, Defendant, UNIVERSAL, owed EDNEY, as a business invitee, a non-delegable duty to exercise reasonable care for her safety, to maintain the premises and attraction in a reasonably safe condition, to inspect the attraction for dangerous conditions, and to warn of or correct dangerous conditions about which Defendant knew or should have known through the exercise of reasonable care.

38. Defendant breached its duty of care owed to EDNEY, by committing one or more of the following negligent acts or omissions:

a. Negligently operating, controlling, and maintaining the Dudley Do-Right's Rip Saw Falls attraction so as to allow ride vehicles to collide with one another at an unsafe speed;

b. Negligently failing to maintain proper spacing, block zones, and anti-collision systems between ride vehicles on the attraction;

c. Negligently failing to inspect or adequately inspect the ride's automatic stop, sensor, and braking mechanisms to ensure vehicles would not strike a stationary log at unsafe speeds;

d. Negligently dispatching or allowing unoccupied logs to enter ride zones while Plaintiffs' log was stationary on the track;

e. Negligently failing to train and supervise its operators, technicians, and attendants regarding emergency stops, log track stalls, and collision mitigation/prevention procedures;

f. Negligently failing to warn EDNEY, that the attraction was subject to mechanical stalls and rear-end vehicle collisions;

g. Negligently failing to correct the dangerous condition of failing sensors and improper vehicle spacing when Defendant knew or should have known of same; and

h. Negligently failing to adopt, implement, and enforce proper safety protocols regarding ride vehicle collisions.

39. As a direct and/or proximate result of Defendant's negligence, EDNEY suffered serious and permanent bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and an activation or aggravation of a previously existing condition. The losses are permanent or continuing in nature, and EDNEY will suffer these losses in the future.

**WHEREFORE**, Plaintiff, BRITTANY EDNEY, respectfully demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., d/b/a UNIVERSAL STUDIOS ISLANDS OF ADVENTURE, for damages, costs, and further demands trial by jury on said issues.

**COUNT IV: LOSS OF CONSORTIUM (WANG)**

40. Plaintiff reaffirms and re-alleges paragraphs 1 – 31 and 36 - 39, as if fully set forth herein.

41. At all times material hereto, WANG was and is the lawful spouse of EDNEY.

42. As a direct and proximate result of the negligence of Defendant as set forth herein, EDNEY suffered severe, permanent, and disabling bodily injuries.

43. As a direct and proximate result of the negligence of Defendant, and the resulting physical injuries to his spouse, WANG has suffered, and will continue to suffer in the future, the

loss, impairment, or deprivation of his spouse's services, comfort, society, companionship, affection, assistance, and consortium.

**WHEREFORE**, Plaintiff, PINGDAO WANG, respectfully demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., d/b/a UNIVERSAL STUDIOS ISLANDS OF ADVENTURE, for damages, costs, and further demands trial by jury on said issues.

## COUNT V: LOSS OF CONSORTIUM (EDNEY)

44. Plaintiff reaffirms and re-alleges paragraphs 1 – 31 and 36 - 39 as if fully set forth herein.

45. At all times material hereto, EDNEY was and is the lawful spouse of WANG.

46. As a direct and proximate result of the negligence of Defendant as set forth herein, WANG suffered severe, permanent, and disabling bodily injuries.

47. As a direct and proximate result of the negligence of Defendant, and the resulting physical injuries to her spouse, EDNEY has suffered, and will continue to suffer in the future, the loss, impairment, or deprivation of her spouse's services, comfort, society, companionship, affection, assistance, and consortium.

**WHEREFORE**, Plaintiff, BRITTANY EDNEY, respectfully demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., d/b/a UNIVERSAL STUDIOS ISLANDS OF ADVENTURE, for damages, costs, and further demands trial by jury on said issues.

**WHEREFORE**, the Plaintiffs demand judgment for damages against the above-named Defendant, plus costs, trial by jury for all issues so triable, and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

**Kelly Law Firm, P.A.**

By: /S/ *W. Hale Kelly*

W. Hale Kelly, Esq.
Florida Bar No. 1005579
1060 Woodcock Rd.
Orlando, FL 32803
(P) 407-783-4970
(F) 407-783-4971
Primary: whk@kellylawfirmpa.com
Secondary: whkellylaw@gmail.com
Attorney for Plaintiffs