IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

PINGDAO WANG, an individual,
AMANDA L. GAMPOLO, an individual,
BRITTANY M. EDNEY, an individual,

Plaintiffs, CASE NO.: 2026-CA-009540-O

v.

UNIVERSAL CITY DEVELOPMENT
PARTNERS, LTD.,a Florida Limited
Partnership, d/b/a UNIVERSAL
STUDIOS ISLANDS OF ADVENTURE.

Defendant.
_________________________________________/

**DEFENDANT UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD.'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL IN RESPONSE TO PLAINTIFFS' COMPLAINT**

Defendant, Universal City Development Partners, Ltd. ("Universal") hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial in response to Plaintiffs' Complaint, stating as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. Universal admits the allegations of paragraph 1 for jurisdictional purposes only. Universal denies being indebted to Plaintiffs in any amount.

2. Universal admits the allegations of paragraph 2 for venue purposes only. Universal denies being indebted to Plaintiffs in any amount.

3. Universal is without knowledge of the allegations of paragraph 3 and therefore denies those allegations.

4. Universal is without knowledge of the allegations of paragraph 4 and therefore denies those allegations.

5. Universal is without knowledge of the allegations of paragraph 5 and therefore denies those allegations.

6. Universal denies that its domicile and/or principal place of business is located within the State of Florida. Universal admits the remaining allegations of paragraph 6 for jurisdictional purposes only. Universal denies being indebted to Plaintiffs in any amount.

## GENERAL ALLEGATIONS

7. Universal admits the allegations of paragraph 7.

8. Universal admits the allegations of paragraph 8.

9. Universal admits the allegations of paragraph 9.

10. Universal admits the allegations of paragraph 10.

11. Universal admits that on September 21, 2024, Plaintiffs were invitees of Universal's Islands of Adventure where they boarded Dudley Do-Right's Rip Saw Falls. Universal denies the remaining allegations of paragraph 11.

12. Universal denies the allegations of paragraph 12.

13. Universal denies the allegations of paragraph 13.

14. Universal denies the allegations of paragraph 14.

15. Universal denies the allegations of paragraph 15.

16. Universal denies the allegations of paragraph 16.

17. Universal denies the allegations of paragraph 17.

18. Universal denies the allegations of paragraph 18.

19. Universal denies the allegations of paragraph 19.

20. Universal denies the allegations of paragraph 20.

21. Universal denies the allegations of paragraph 21.

22. Universal denies the allegations of paragraph 22.

23. Universal denies the allegations of paragraph 23.

24. Universal denies the allegations of paragraph 24.

25. Universal denies the allegations of paragraph 25.

26. Universal denies the allegations of paragraph 26.

27. Universal denies the allegations of paragraph 27.

**COUNT I: NEGLIGENCE OF DEFENDANT (WANG)**

28. Universal incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

29. Paragraph 29 does not contain any ultimate allegations of fact as to Universal rendering a response unnecessary. To the extent a response is deemed necessary, Universal denies the allegations of paragraph 29.

30. Universal denies the allegations of paragraph 30, including all subparts.

31. Universal denies the allegations of paragraph 31.

**COUNT II: NEGLIGENCE OF DEFENDANT (GAMPOLO)**

32. Universal incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

33. Paragraph 33 does not contain any ultimate allegations of fact as to Universal rendering a response unnecessary. To the extent a response is deemed necessary, Universal

denies the allegations of paragraph 33.

34. Universal denies the allegations of paragraph 34, including all subparts.

35. Universal denies the allegations of paragraph 35.

**COUNT III: NEGLIGENCE OF DEFENDANT (EDNEY)**

36. Universal incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

37. Paragraph 37 does not contain any ultimate allegations of fact as to Universal rendering a response unnecessary. To the extent a response is deemed necessary, Universal denies the allegations of paragraph 37.

38. Universal denies the allegations of paragraph 38, including all subparts.

39. Universal denies the allegations of paragraph 39.

**COUNT IV: LOSS OF CONSORTIUM (WANG)**

40. Universal incorporates by reference its responses to paragraphs 1 through 31 and 36 through 39 as if fully set forth herein.

41. Universal is without knowledge of the allegations of paragraph 41 and therefore denies those allegations.

42. Universal denies the allegations of paragraph 42.

43. Universal denies the allegations of paragraph 43.

**COUNT V: LOSS OF CONSORTIUM (EDNEY)**

44. Universal incorporates by reference its responses to paragraphs 1 through 31 and 36 through 39 as if fully set forth herein.

45. Universal is without knowledge of the allegations of paragraph 45 and therefore

denies those allegations.

46. Universal denies the allegations of paragraph 46.

47. Universal denies the allegations of paragraph 47.

## AFFIRMATIVE DEFENSES

1. Universal affirmatively alleges that Plaintiffs were negligent in failing to use reasonable care for their own safety, and that such negligence caused or contributed to the alleged incident and injuries. Any recovery by Plaintiffs must be reduced in proportion to their comparative fault pursuant to section 768.81, Florida Statutes, as amended, and, to the extent any Plaintiff is found to be more than fifty percent (50%) at fault, recovery by that Plaintiff is barred as a matter of law.

2. Universal affirmatively alleges that no unsafe, unreasonably dangerous, or defective condition existed on the subject attraction at any time material hereto, and Plaintiffs cannot establish that their alleged injuries were caused by a defect, malfunction, or negligent operation by Universal.

3. Universal affirmatively alleges that Plaintiffs knowingly and voluntarily assumed the risks inherent in riding an amusement attraction, including but not limited to the potential for significant acceleration, deceleration, lateral forces, sudden stops, changes in speed, and head and body movement associated with such attractions, and such assumption bars or reduces Plaintiffs' recovery as a matter of law.

4. Universal affirmatively alleges that Plaintiffs' claims seek to impose strict liability or a heightened duty of care on a theme park operator, which is not permitted under Florida law, and that Plaintiffs are therefore barred from recovery absent proof of negligent

conduct by Universal.

5. Universal affirmatively alleges that it provided adequate warnings and instructions regarding the nature of the attraction and the risks associated with riding it. Any alleged injuries resulted despite such warnings, and Plaintiffs' claims are barred or reduced accordingly.

6. Universal affirmatively alleges that Plaintiffs failed to follow posted warnings and instructions for the attraction, and that such failure caused or contributed to their alleged injuries. Any recovery must be reduced in accordance with Plaintiffs' comparative negligence.

7. Universal affirmatively alleges that it operated, maintained, and controlled the attraction in compliance with applicable laws, regulations, industry standards, and accepted safety practices, and that such compliance constitutes evidence of reasonable care.

8. Universal affirmatively alleges that it did not have actual or constructive notice of any alleged dangerous condition, nor did any such condition exist, and therefore owed no duty to take remedial action.

9. Universal affirmatively alleges that any injuries or damages claimed by Plaintiffs were caused in whole or in part by the acts or omissions of third parties, other non-parties, or other intervening or superseding causes unrelated to any conduct by Universal. Universal expressly invokes its rights under *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), and *Messmer v. Teachers Insurance Co.*, 588 So. 2d 610 (Fla. 5th DCA 1991), and reserves the right to identify non-parties pursuant to section 768.81, Florida Statutes.

10. Universal affirmatively alleges that Plaintiffs' claimed injuries were caused in whole or in part by pre-existing, degenerative, congenital, idiopathic, or unrelated medical conditions for which Universal is not responsible, and Plaintiffs are not entitled to recover damages attributable to such conditions.

11. Universal affirmatively alleges that Plaintiffs cannot establish a causal relationship between the operation of the attraction and the injuries alleged. Plaintiffs' claimed symptoms are subjective, speculative, and unsupported by reliable medical evidence, and the timing of Plaintiffs' complaints does not establish causation.

12. Universal affirmatively alleges that Plaintiffs failed to mitigate their damages, including by failing to reasonably utilize available health insurance benefits or by failing to provide health insurance or benefits information to medical providers, which would have resulted in reductions in amounts due, and/or by incurring unreasonable or unnecessary medical treatment, consistent with Florida law, including but not limited to *Goble v. Frohman*, 901 So. 2d 830 (Fla. 2005), *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547 (Fla. 2d DCA 2003), and *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004).

13. Universal affirmatively alleges that Plaintiffs' claimed damages, including alleged permanent injury, future medical care, and ongoing impairment, are not recoverable to the extent Plaintiffs cannot prove they are reasonably certain to occur, as required under Florida law. Even to the extent Plaintiffs have documented medical treatment, any projection of future care or permanency that is not supported by competent medical testimony with reasonable medical certainty is speculative and not recoverable.

14. Universal affirmatively alleges entitlement to a setoff for any collateral source payments pursuant to section 768.76, Florida Statutes, and applicable Florida law, including any payments made or benefits available through health insurance, governmental programs, or other third-party payors.

15. Universal affirmatively alleges that, in the event it is found liable, any judgment must be limited to its percentage of fault, if any, pursuant to section 768.81, Florida Statutes.

16. Universal affirmatively alleges that the loss of consortium claims asserted by Plaintiffs Wang and Edney are entirely derivative of the underlying negligence claims. To the extent the underlying negligence claims fail or are reduced, the consortium claims must fail or be reduced correspondingly.

17. Universal reserves the right to amend these affirmative defenses and assert additional defenses as discovery progresses.

## DEMAND FOR JURY TRIAL

Universal respectfully requests a jury trial on all matters for which it has that right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 23, 2026**, I electronically filed the foregoing pursuant to the Supreme Court of Florida Order No. AOSC13-49 with the Clerk of Court by using the Florida Courts E-Filing Portal who will send notice of this electronic filing to: **W. HALE KELLY, ESQUIRE,** KELLY LAW FIRM, P.A., (whk@kellylawfirmpa.com; whkellylaw@gmail.com) (Attorneys for Plaintiff).

*/s/ J. Peter Greco*

NICHOLAS D. FREEMAN, ESQUIRE
Florida Bar No. 118620
nicholas.freeman@wilsonelser.com
J. PETER GRECO, ESQUIRE
Florida Bar No. 1003451
peter.greco@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
407-203-7599 - Phone
407-648-1376 - Facsimile
*Counsel for Universal City Development Partners, Ltd.*